**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEREYDA JASMIN ESPINOZA-BRAVO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | **CASE NO.** 5:26-CV-05046-CTS<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(A 244-181-979)** |

On August 31, 2026, Petitioner Nereyda Jasmin Espinoza-Bravo ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and being held in violation of the Constitution and laws of the United States. (*See generally id*.) The Petition also alleges the following facts.[1] Petitioner was previously in ICE custody. (Pet. 6.) On September 17, 2023, ICE determined that Petitioner was not

[1] Because Respondents have not provided information about Petitioner, all facts contained herein are taken directly from the Petition unless otherwise noted.

a danger or a flight risk and released Petitioner from custody. (*Id.*) After release, Petitioner lived freely in the United States for three years outside of immigration custody. (*Id.*) On June 26, 2026, ICE re-detained Petitioner, without providing written notice of the reason for the re-detention or any opportunity to contest the reasons for the re-detention. (*Id.*) ICE had no valid reason to revoke Petitioner's parole and re-detain Petitioner, who is not a danger to the community or a flight risk. (*Id.*)

Petitioner asserts three grounds for relief: (1) Petitioner's re-detention violates the procedural due process requirements of the Fifth Amendment of the Constitution; (2) Petitioner's re-detention violates the substantive due process requirements of the Fifth Amendment of the Constitution; and (3) Petitioner's re-detention violates the Administrative Procedures Act. (*Id.*) Petitioner seeks immediate relief, as well as an injunction against re-detention without providing Petitioner with at least seven days' notice and a pre-deprivation hearing before an immigration judge. (*Id.*) Though the Petition itself does not allege Petitioner's age, documents attached to the Petition reveal that Petitioner recently turned nineteen, while incarcerated at Adelanto, and would have been sixteen when previously released from custody in September 2023. (ECF No. 1, at 11.) ICE's Online Detainee Locator System indicates that Petitioner is from Mexico. https://locator.ice.gov/odls/#/search (last visited Sept. 8, 2026).

On September 1, 2026, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due September 4, 2026, and their Answer was due September 8, 2026. (ECF No. 5.) As of the date of this Order, Respondents have not answered or otherwise responded to the Petition and have not appeared in the case. The Court considers the lack of response as reason to grant the relief

///

///

requested.[2]

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Nereyda Jasmin Espinoza-Bravo (A 244-181-979)** from custody within 24 hours of entry of this Order;
3. Respondents are ENJOINED from re-detaining Petitioner without providing Petitioner with at least seven days' notice and a pre-deprivation hearing before an immigration judge; and
4. The Court retains jurisdiction over this case to enforce compliance with its Judgment.

DATED: September 9, 2026

HONORABLE CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).